STEPHENSON, ACQUISTO & COLMAN
JOY Y. STEPHENSON, ESQ.  (SBN 113755)
BARRY SULLIVAN, ESQ.     (SBN 136571)
RICHARD A. LOVICH, ESQ.  (SBN 113472)
JENNIFER JIAO, ESQ.      (SBN 292205)
jjiao@sacfirm.com
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:  (818) 559-4477
Facsimile:  (818) 559-5484

Attorneys for Plaintiff
COUNTY OF KERN, initially filed as KERN COUNTY HOSPITAL AUTHORITY dba KERN MEDICAL CENTER

COLE PEDROZA LLP
KENNETH R. PEDROZA     (SBN 184906)
JOSHUA C. TRAVER       (SBN 229778)
jtraver@colepedroza.com
2670 Mission Street, Suite 200
San Marino, CA 91108
Tel.:  (626) 431-2787
Fax:   (626) 431-2788

Attorneys for Defendants,
CIGNA HEALTH AND LIFE INSURANCE COMPANY
and CIGNA HEALTHCARE OF CALIFORNIA, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COUNTY OF KERN (initially filed as KERN COUNTY HOSPITAL AUTHORITY, a California special health authority, dba KERN MEDICAL CENTER)<br><br>                Plaintiff,<br><br>vs.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., et al.<br><br>                Defendants. | Case No. 1:16-CV-00432-DAD-JLT<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER AS AMENDED BY THE COURT**<br><br>(Doc. 19) |

**I.   PURPOSE**

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect the information the parties are entitled or obligated to keep confidential, to ensure that only materials the parties are entitled or obligated to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial pursuant to Fed. R. Civ. P. 26(c), the parties hereby stipulate to and petition the court to enter the following Protective Order.

**II. DEFINITIONS**

2.1   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things which contain trade secrets or other confidential research, development, technical, financial, or commercial information, or protected health information (as that term is defined by 45 C.F.R. 160.103), whether embodied in physical objects, documents, or the factual knowledge of persons; and that has been so designated by the producing party, unless a Court declares such information to not properly meet said descriptions.

2.2   "Counsel" or "Attorney":   Outside Counsel of Record and the Party's in-house counsel.

2.3   "Disclosure or Discovery Material":   All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.4   "Expert":   A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current

employee or a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

2.5 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:</u>   Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.6 <u>"Non-Party":</u>  any natural person, partnership, corporation, associations, or other legal entity not named as a party in this action.

2.7 <u>"Outside Counsel of Record":</u>  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.8 <u>"Party":</u>  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.9 <u>"Professional Vendors":</u> Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10 <u>"Protected Material":</u>   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

### III. DESIGNATION OF PROTECTED INFORMATION

3.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, a producing Party must designate for protection only those parts of material, documents, items or

communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Nothing in this Order shall prevent a receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not entitled to such designation.

If it comes to a producing Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of

testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order. Alternatively, a designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the designating Party. The designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for

any other tangible items, that the producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

      3.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## IV.    ACCESS TO AND USE OF PROTECTED MATERIAL

      4.1    Basic Principles:   A Party may use Protected Materials that is disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, the Parties must comply with the provisions of section 8 below (Final Disposition).

      4.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by court or permitted in writing by the designating Party, a receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    the receiving Party's Counsel, Outside Counsel of Record in this action, and the Party's in-house counsel;

    (b)    employees of said Outside Counsel of Record, or the Party's in-house counsel staff to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) the officers, directors, and employees of the receiving Party (other than in-house counsel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating Party, a receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the receiving Party's Counsel, Outside Counsel of Record in this action, or the Party's in-house counsel;

(b) employees of said Outside Counsel of Record, or the Party's in-house counsel staff to whom it is reasonably necessary to disclose the information for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) during their depositions, witnesses in the action who (i) are employed by or affiliated with the Party that produced the subject "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, (ii) to whom disclosure is reasonably necessary and (iii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## V. CHALLENGES TO PROTECTED INFORMATION DESIGNATIONS

5.1 <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer.</u>  The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating Party is unwilling to participate in the meet and confer process in a timely manner.

5.3   <u>Judicial Intervention.</u>   If the Parties cannot resolve a challenge without court intervention, the designating Party shall file and serve a motion to retain confidentiality in compliance with within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.   <u>Before filing the motion, the party SHALL first comply with the procedures set forth in the scheduling order (Doc. 18 at 4, Headnote VI).  If the Court authorizes the filing of the discovery motion, it SHALL comply with Local Rule 281(c).</u>   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a

8
[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the designating Party.

Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the court rules on the challenge.

## VI. SCOPE

The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## VII. MISCELLANEOUS PROVISIONS

7.1     <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

7.2     <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

7.3   Filing Protected Material.   Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

7.4   Retroactive Application.  The provisions of this Protective Order shall apply retroactively to all documents and information previously exchanged by parties to this action.  To the extent not already designated as Confidential, the producing party can designate any and all documents produced and/or provided as Confidential or Confidential Health Information within thirty (30) days of the execution of this Stipulated Protective Order.

7.5   Duration.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VIII. FINAL DISPOSITION

Within 60 days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted between the parties in this action, each party shall, at its option, either return to the producing party or destroy all physical

objects and documents which embody PROTECTED INFORMATION; provided that all PROTECTED INFORMATION, not embodied in physical objects and documents, shall remain subject to this Order.  Notwithstanding the foregoing, Counsel shall be entitled to maintain an archival copy of all pleadings, motions, and trial briefs (including all supporting and opposing papers thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.

## ORDER

Upon the stipulation of the parties, the Court **GRANTS** the stipulated protective order, **as modified by the Court in ¶ 5.3**.

IT IS SO ORDERED.

Dated:   **June 30, 2016**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

## Confidentiality Agreement

I, _____, state:

1. I have read the Stipulated Protective Order dated _____ .

2. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all material designated as "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing PROTECTED INFORMATION are to be returned to counsel who provided me with such material.

3. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use, any information obtained pursuant to said Order except solely for purposes of this action, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

4. I hereby consent to personal jurisdiction and venue in the United States District Court for the Eastern District of California for the purposes of enforcing said Order.

5. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201\_.

_____