UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF KERN, a political subdivision of the State of California, which owns and operates KERN MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC. and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendants. | No. 1:16-cv-00432-DAD-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT<br><br>(Doc. No. 23) |

This action currently proceeds on plaintiff's first amended complaint. (Doc. No. 11.) Therein, plaintiff in essence alleges that in 2014 it admitted six patients—all members of health plans sponsored by defendants—for medically necessary services, supplies, or equipment. (*Id.* ¶¶ 8–11; Doc. No. 11-1.) Plaintiff alleges that despite timely demands for payment, defendants failed to fully pay the charges associated with these patients and still owes plaintiff $325,680.43, excluding interest. (Doc. No. 11 ¶¶ 13–16.)

/////

/////

/////

On September 15, 2016, plaintiff filed a motion seeking leave to amend its first amended complaint. (Doc. No. 23.)[1] Plaintiff's proposed second amended complaint (*see* Doc. No. 23-2) appears to amend its prior complaint in two substantive ways.  First, plaintiff states that as a result of the parties' joint Rule 26(f) report and defendants' service of their Rule 26(a) initial disclosures, plaintiff discovered that insurance coverage for patient W.W. (one of the six patients at issue) was provided at least in part by Gilsbar LLC at the relevant time. (Doc. Nos. 23 at 7–8; 23-1 ¶¶ 7–8.)  Plaintiff therefore seeks leave to amend its complaint to join Gilsbar LLC as a defendant in this action.  Second, plaintiff notes that as of July 1, 2016, ownership of Kern Medical Center was transferred from the County of Kern to the Kern County Hospital Authority. (Doc. No. 23 at 8.)  Plaintiff seeks leave to amend its first amended complaint to reflect this change in ownership.  On October 13, 2014, defendants filed a statement of non-opposition to the instant motion. (Doc. No. 24.)  Pursuant to Local Rule 230(g), this court deems plaintiff's motion suitable for decision without oral argument.

The Federal Rules of Civil Procedure provide that district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).  "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

Here, there is nothing before the court to suggest bad faith or undue delay on the part of the plaintiff.  Moreover, the court finds that the proposed amendments would not unduly prejudice defendants.  Accordingly, the court finds good cause to grant plaintiff leave to amend its first amended complaint.

/////

---

[1] Plaintiffs' motion was timely filed in accordance with the court's scheduling order. (*See* Doc. No. 18.)

For the reasons set forth above,

1. Plaintiff's motion for leave to amend its first amended complaint (Doc. No. 23) is granted; and
2. Plaintiff shall file its second amended complaint within five days of the date of service this order.

IT IS SO ORDERED.

Dated: __October 17, 2016__      /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE