UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERN COUNTY HOSPITAL AUTHORITY, a California special health authority, dba KERN MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for profit corporation and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | No. 1:16-cv-00432-DAD-JLT<br><br>ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED |

This matter was originally filed in Kern County Superior Court on February 10, 2016, and removed to this court on March 29, 2016. Removal was premised on federal question jurisdiction pursuant to 28 U.S.C. § 1331, purportedly because the claims arise under the civil enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). (Doc. No. 1 at 2.) However, the court recently became aware that plaintiff's complaint actually alleges only state law claims of breach of implied-in-fact contract and *quantum meruit*, and does not allege a claim arising under ERISA. (*See* Doc. No. 1-1 at 14–17.)

/////

/////

1

Removal jurisdiction is governed by federal statute, and allows suits brought in state courts to be removed to federal court if they could have been filed in the latter initially. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014). Generally, federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Property Trust*, 768 F.3d at 947 (quoting *Caterpillar Inc.*, 482 U.S. at 392). This is because "the plaintiff is the master of the complaint," and has the right to, "by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398–99; *see also Dennis v. Hart,* 724 F.3d 1249, 1252 (9th Cir. 2913). The general removal statute is strictly construed, and a federal court's removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (contrasting § 1441 and § 1442 removals). It is axiomatic that a federal court may not proceed in the absence of subject matter jurisdiction, and that the federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006); *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) (objections to subject matter jurisdiction may be raised at any stage, "even after trial and the entry of judgment") (quoting *Arbaugh*, 546 U.S. at 506); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012); *see also* Fed. R. Civ. P. 12(h)(3).

Here, no federal claim appears on the face of the complaint, nor has any been added in either the complaint's two subsequent amendments nor is one contemplated in the proposed third amendment. (Doc. Nos. 1-1, 11, 27, 38-2.) Nonetheless, "under the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" *ARCO Envtl. Remediation, L.L.C. v. Department of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)); *see also JustMed, Inc. v. Byce*, 600 F.3d 1118,

1124 (9th Cir. 2010). There are, therefore, rare exceptions to the well-pleaded complaint rule: "(1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1114. (internal citations omitted).

The court presumes the defendants intended to invoke the first of these exceptions. Under ERISA, a participant or beneficiary in a plan covered by that statute may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[1] This provision completely preempts state law claims if (1) the individual beneficiary or participant could have brought her claim under § 502(a)(1)(B) at some point in time, and (2) there is no other independent legal duty implicated by defendant's actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). This two-pronged test is conjunctive, and both prongs must be satisfied for the claim to be completely preempted. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009). Importantly, there is a significant difference between the jurisdiction-providing complete preemption and conflict preemption, the latter of which may provide an affirmative defense to state law causes of action. *Id.* at 944–47. *See also Doctors Medical Center of Modesto, Inc. v. Gardner Trucking, Inc.*, No. 1:16-cv-01674-DAD-SAB, 2017 WL 781498, at *2–5 (E.D. Cal. Feb. 28, 2017) (remanding claims of breach of implied-in-fact contract and *quantum meruit* as not falling under ERISA's complete preemption exception to the well-pleaded complaint rule).

The removing defendants have the burden of establishing removal is proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Therefore, the defendants are now ordered to show

/////

/////

---

[1] While a third-party medical provider does not fall within the express language of that provision, courts have allowed such providers to sue on behalf of plan participants under ERISA where the participant has assigned their rights to the provider. *See, e.g.*, *Blue Cross of Calif. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050–51 (9th Cir. 1999).

cause within fourteen (14) days of this order why this case should not be remanded to the Kern County Superior Court.

IT IS SO ORDERED.

Dated: **June 12, 2017**

*Dale A. Drozd* (signature)
UNITED STATES DISTRICT JUDGE