UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERN COUNTY HOSPITAL AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC. and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendants. | No. 1:16-cv-00432-DAD-JLT<br><br>ORDER REMANDING CASE TO KERN COUNTY SUPERIOR COURT AND DENYING MOTION TO AMEND AS MOOT<br><br>(Doc. No. 38) |

On June 12, 2017, this court ordered defendants to show cause why this matter should not be remanded to Kern County Superior Court for a lack of subject matter jurisdiction. (Doc. No. 40.) Defendants filed a response to the order to show cause on June 23, 2017. (Doc. No. 42.) Having considered the arguments put forth by the defendants, this court determines it does not have subject matter jurisdiction, and therefore remands the case to Kern County Superior Court.

In light of the strong presumption against removal jurisdiction, defendants have the burden of establishing that removal was proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). They argue that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts the state law causes of action brought here. Specifically, defendants assert

/////

that for the claims related to four of the five patients[1] upon which this lawsuit is based, the state law causes of action alleged are not viable and therefore any causes of action must sound under ERISA's § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B). (Doc. No. 42 at 11–17.)

As noted in the court's order to show cause, if the plan participants assigned their rights under the plan to plaintiff, plaintiff may bring a civil action under ERISA "to recover benefits due . . . under the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B); *see also Blue Cross of Calif. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050–51 (9th Cir. 1999). This provision completely preempts state law claims if (1) the individual beneficiary or participant could have brought the same claim under 29 U.S.C. § 1132(a)(1)(B) at some point in time, and (2) there is no other independent legal duty implicated by defendant's actions. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Here, plaintiff's second amended complaint ("SAC")—the operative pleading before the court—alleges as follows. The patients to which plaintiff rendered services were members of various health plans sponsored, administered, or financed by Cigna. (Doc. No. 27 at ¶ 10.) Plaintiff "contacted Defendants and/or their agents to ascertain whether or not Defendants or their principal was responsible for the costs associated with the medically necessary services, supplies and/or equipment rendered to Patients," and in return, defendants verified the relevant insurance coverage eligibility information. (*Id.* at ¶ 12.) Defendants therefore "held themselves out to be the responsible payor for the services provided to Patients." (*Id.* at ¶ 13.) According to plaintiff, defendants "failed to properly pay" the full amount billed for the services, resulting in more than $300,000 worth of damages. (*Id.* at ¶¶ 16–19.) Plaintiff alleges that, prior to providing treatment to the patients, it contacted defendants either "upon stabilization" in plaintiff's emergency room or during their period of admission to the hospital, "to verify the Patients' healthcare eligibility under Defendants' health plan and to obtain authorization from Defendants for the medical services." (*Id.* at ¶ 21.) Defendants "offered to reimburse" plaintiff if it provided medical care to

---

[1] Defendants argue that the court should exercise supplemental jurisdiction over the claims concerning the fifth patient, who is not covered by a plan within ERISA. (Doc. No. 42 at 17 ("The claim respecting patient G.Y. does not implicate an employer self-funded plan governed by ERISA.").)

2

the patients, and this constituted an implied-in-fact contract. (*Id.* at ¶ 22.)

The Ninth Circuit has addressed complete preemption under ERISA under circumstances quite similar to those here. In *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009), prior to providing a medical procedure the plaintiff hospital contacted the plan administrator to confirm that the prospective patient had health insurance coverage through an ERISA plan provided by his employer. 581 F.3d at 943. The plan administrator "orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the Hospital." *Id.* When the plan failed to pay the hospital's requested rate, the hospital sued in state court alleging state law causes of action for breach of implied and oral contracts, negligent misrepresentation, quantum meruit and estoppel. *Id.* at 944. The plan removed the case to federal court predicated on a belief that ERISA entirely preempted the state law causes of action. *Id.* In reversing the district court's denial of plaintiff's motion for remand, the Ninth Circuit explained the difference between the jurisdiction-providing complete preemption and conflict preemption, the latter of which may provide an affirmative defense on the merits with respect to certain state law claims. *Id.* at 944–47. In order for the former to apply, the state law cause of action must be "entirely encompassed by § 502(a)." *Id.* at 945.

The Ninth Circuit pointed out that in *Davila*, in which the Supreme Court had set out the test for complete preemption under ERISA, the plaintiff's claims were entirely preempted because the state law claims were based on plan participants seeking the benefits promised by the plan itself. *Id.* at 946–47 ("[P]laintiffs' only legal claims were 'about denials of coverage promised under the terms of ERISA-regulated employee benefit plans.'") (quoting *Davila*, 542 U.S. at 211). The Ninth Circuit explained that in *Marin General*, neither prong of the *Davila* test was met. As to the first prong, the plaintiff hospital did not seek any amount owed to the patient under the patient's ERISA plan. *Id.* at 947 ("The Hospital is contending that this additional amount is owed based on its alleged oral contract with [the plan].") Further, the fact that the patient had also assigned the rights under her ERISA plan did not limit the hospital solely to an ERISA claim. *Id.* at 949 (noting that even if the rights had been assigned, "there was 'no basis to conclude that the mere fact of assignment converts the Providers' claims [in this case] into claims

3

to recover benefits under the terms of an ERISA plan'") (quoting *Blue Cross of Calif.*, 187 F.3d at 1052). Moreover, the Ninth Circuit observed that because the plaintiff hospital asserted state law claims "in no way based on an obligation under an ERISA plan" and that "would exist whether or not an ERISA plan existed," the second prong of *Davila* was also not satisfied. *Id.* at 950.[2]

The present case is on all fours with *Marin General*. Here, plaintiff has brought state law claims premised on a breach of an implied-in-fact contract, as well as quantum meruit. (*See* Doc. No. 27.) Plaintiff alleges that it confirmed coverage for the patients in question with defendants prior to or during the rendering of medical treatment. (*Id.* at ¶¶ 21–22.) However, when it billed defendants for the cost of the medical care provided, they refused to pay the full amount. (*Id.* at ¶¶ 22, 24–25.) According to plaintiff, it was the parties' "custom and practice" for it to render medical care, confirm the patients were covered by defendants, and then submit the medical bills to defendants. (*Id.* at ¶ 21.) Based upon the allegations of the complaint, this dispute is not about the parameters of benefits provided by the plan, but whether or not the parties had an implied-in-fact contract and what its terms were. (*See id* at ¶¶ 21–25.) Defendants concede that plaintiff's state court action included claims related to a patient which did not implicate any insurance plan governed by ERISA. (Doc. No. 42 at 17.) This provides further support for the conclusion that plaintiff's intention was to bring only state law claims sounding in contract law. Because the claims at issue in this lawsuit are not entirely encompassed within § 502(a) and have a different legal basis, they are not completely pre-empted and this court lacks jurisdiction over this dispute. *See* 29 U.S.C. § 1132(a)(1)(B); *Marin Gen. Hosp.*, 581 F.3d at 943–50; *see also Northern*

---

[2] Put another way, in *Davila* the Supreme Court held that the first prong required asking whether "an individual, at some point in time, could have brought *his* claim under ERISA § 502(a)(1)(B)." 542 U.S. at 210 (emphasis added); *see also Marin Gen. Hosp.*, 581 F.3d at 947. *Davila*'s first prong is focused on whether *the* claim at issue could have been brought under § 502(a)(1)(B), not whether plaintiff could have brought *any* claim under § 502(a)(1)(B). *Marin Gen. Hosp.*, 581 F.3d at 947. This was what the Ninth Circuit made clear in *Marin General*. *See* 581 F.3d at 947–49. Even if plaintiff here *could* have brought a claim under § 502(a)(1)(B) because of the assignments, it did not. The obligation to pay alleged by plaintiff in its complaint here stems from the existence of an implied contract, which is a separate legal obligation under California law. *See, e.g.*, Cal. Civ. Code § 1621 (defining implied contract); *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 794 (1953) ("The only distinction between an implied-in-fact contract and an express contract is that, in the former, the promise is not expressed in words but is implied from the promisor's conduct.").

*Virginia Operating Co., LLC v. Cigna Healthcare of California, Inc.*, Case No. CV 16-5168 PA (AFMx), 2016 WL 4770021, at *2-3 (C.D. Cal. Sept. 12, 2016) (and cases cited therein) .

      Defendants also advance arguments concerning the merits of plaintiff's breach of contract and quantum meruit claims. (Doc. No. 42 at 11–17.) These arguments, however, go to plaintiff's ability to state cognizable claims under California law. This court cannot reach defendant's contention regarding the sufficiency of plaintiff's pleading of its state law causes of action prior to determining its jurisdiction over this action. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)); *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues."); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 807 (9th Cir. 2001) ("[A] court lacking jurisdiction to hear a case may not reach the merits even if acting in the interest of justice.") (quotation and citation omitted). If defendants wish to assert an affirmative defense of conflict preemption under ERISA, they must raise it state court and the assertion of that defense fails to provide a basis for this court's jurisdiction. *See Marin Gen. Hosp.*, 581 F.3d at 944–47 ("The general rule is that a defense of federal preemption of a state-law claim ... is an insufficient basis for original federal question jurisdiction . . . ."); *Dennis v. Hart*, 724 F.3d 1249, 1253–55 (9th Cir. 2013); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) ("[I]f the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court. The fact that preemption might ultimately be proved does not allow removal.") (internal citations omitted).

/////
/////
/////
/////
/////

5

For all of these reasons, the court concludes it lacks subject matter jurisdiction over this action. The matter is therefore remanded to the Kern County Superior Court. Plaintiff's motion to amend the complaint (Doc. No. 38) is denied as having been rendered moot by this order. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 26, 2017**

_____
UNITED STATES DISTRICT JUDGE